**In re Dean E. GAGE and Jeanine A. Gage, Debtors.**

**Charles L. NAIL, Jr., Assistant United States Trustee, Appellant,**

v.

**HARMELINK & FOX LAW OFFICE, Appellee.**

No. Civ. 93–4050.

United States District Court, D. South Dakota, S.D.

Nov. 1, 1993.

Charles L. Nail, Jr., Asst. U.S. Trustee, and Bruce J. Gering, Atty. (Advisor), Sioux Falls, SD, for appellant.

John E. Harmelink, Yankton, SD, for appellee.

## MEMORANDUM OPINION and ORDER

JOHN B. JONES, Chief Judge.

The United States Trustee timely appeals the bankruptcy court's Order of March 2, 1993, awarding debtors' attorneys compensation for, *inter alia*, services rendered and expenses incurred in resisting debtors' obligation to pay over net disposable income to unsecured and undersecured creditors. 151 B.R. 522. The United States Trustee contends that debtors' attorneys are not entitled to compensation for resisting a dispute over the amount of net disposable income which must be paid over to unsecured and undersecured creditors. The Court agrees and for the following reasons reverses the judgment of the bankruptcy court.

### Jurisdiction

This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

### Standard of Review

■ This Court reviews the bankruptcy court's legal conclusions *de novo,* while findings of fact are upheld unless clearly erroneous. *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). Whether a particular service does or does not benefit the estate is a question of fact. Therefore, the applicable standard of review is clearly erroneous.

### Facts

On October 28, 1987, debtors filed a joint petition for relief under chapter 12 of the bankruptcy code. Debtors' attorneys were duly approved by the bankruptcy court. The bankruptcy court confirmed debtors' chapter 12 plan on April 22, 1988. As part of that plan, debtors' pledged that all of the projected disposable income received by them during the life of the plan would be paid to the unsecured and undersecured creditors. Debtors did not pay any disposable income to those creditors during the life of the plan.

Debtors filed a Final Report and Final Account on March 30, 1992. A creditor holding both secured and unsecured claims objected to debtors' discharge on the grounds that debtors had not paid all of their net disposable income to their creditors as required by the plan.

The parties engaged in discovery and conducted negotiations, and the bankruptcy court held a trial on the issue of what amount, if any, of net disposable income debtors would be required to pay their creditors. The bankruptcy court presently has that issue under advisement.

Prior to the trial on the issue of net disposable income, appellee Harmelink & Fox Law Office filed an Interim Fee Application. This fee application sought compensation and reimbursement of expenses in the amount of $7,795.29. The United States Trustee objected to a portion [1] of the amount requested on the grounds that the portion of the fees at issue was incurred in resisting debtors' obligation to pay net disposable income to their creditors.

---

1. The United States Trustee contends that the amount of fees incurred by debtors' counsel in resisting debtors' obligation to pay over net disposable income amounts to $1,687.95 plus sales tax, while the costs incurred amounts to $102.79.

The bankruptcy court held a hearing on the matter and subsequently entered a Memorandum Decision and Order awarding the full amount requested by appellee Harmelink & Fox.

## Discussion

■ In determining whether a debtor's attorney is entitled to compensation from the bankruptcy estate for services rendered, the court must determine whether the services rendered benefit the estate. *In re Reed*, 890 F.2d 104 (8th Cir.1989). Compensation from the bankruptcy estate must be denied for "services rendered [which] were for the benefit of the debtor and did not benefit the estate." *Id.* at 106.

■ Clearly, contesting debtors' obligation to pay net disposable income does not benefit the estate. The only entity who receives any benefit from a possible reduction in the amount of net disposable income to be paid over is the debtor. By reducing the amount of net disposable income which debtors must pay over (and thereby increasing the amount of assets which debtors may retain) the bankruptcy estate is reduced with the concomitant effect that the amount which unsecured and undersecured creditors may recover from the estate is reduced, most likely resulting in no recovery at all for those creditors.

The only reported case directly on point is *In re Brandenburger*, 145 B.R. 624 (Bankr. D.S.D.1992). In that case debtors' attorney filed an application for compensation which included a request for compensation for services rendered in connection with debtors' effort to avoid paying over net disposable income in a chapter 12 case. The *Brandenburger* court held that there was no benefit to the estate by the debtors' resisting their obligation to pay over net disposable income. *Id.* at 629–630.[2]

The issue here is not whether appellees should be paid for their services, but rather who should pay for those services.[3] As stated above, the test to be applied is whether the services rendered benefitted the estate. The actions of debtors' counsel in resisting debtors' obligation to pay over net disposable income to unsecured and undersecured creditors clearly does not benefit the estate. Consequently, debtors' counsel are not entitled to compensation for such services from the bankruptcy estate.

The bankruptcy court must make a determination in each case whether the services at issue benefitted the estate. If so, those services must be compensated for. Because of its disposition of this case, the bankruptcy court did not determine what amount of the fees requested by debtors' counsel benefitted the estate, and what amount benefitted only the debtors. This case is remanded to the bankruptcy court to determine that issue.

Therefore, upon the record herein,

IT IS ORDERED:

(1) That for the reasons stated herein, the bankruptcy court's Memorandum Decision of March 2, 1993, awarding debtors' counsel compensation for services rendered and expenses incurred in resisting debtors' obligation to pay over net disposable income, is reversed and remanded to the bankruptcy court for further proceedings consistent with this Memorandum Opinion and Order.

---

2. The bankruptcy court's decision points out, as does appellee, that subsequent to the *Brandenburger* decision, the judge who decided *Brandenburger* ruled in *In re Smith*, Bankr. No. 87–30110, that services rendered involving certain objections to dischargeability could benefit the estate. However, in the *Smith* case the services rendered were in assisting the debtors to make delinquent payments under the plan, not in resisting debtors' obligation to make plan payments. Assisting the debtors to *make* payments to the estate clearly benefits the estate.

3. As a natural corollary, the issue is not whether debtors are entitled to legal representation, but rather who should pay for such representation.