# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 99-6036MN

In re:                                    *
                                          *
John P. Simmonds and                      *
TinaMarie Simmonds,                       *
                                          *
            Debtors.                      *
                                          *
John P. Simmonds and,                     *       Appeal from the United States
TinaMarie Simmonds,                       *       Bankruptcy Court for the
                                          *       District of Minnesota
            Appellants,                   *
                                          *
                v.                        *
                                          *
Dorraine A. Larison, Trustee,             *
                                          *
            Appellee.                     *

Submitted: October 12, 1999
Filed: November 17, 1999

Before KOGER, Chief Judge, WILLIAM A. HILL, and SCHERMER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtors John P. Simmonds and TinaMarie Simmonds appeal the bankruptcy court's[1] order determining that the beneficial interest of John P. Simmonds ("Debtor") in a self-settled trust is property of the bankruptcy estate and directing the turnover of his beneficial interest in the trust to the bankruptcy trustee. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the Debtor's beneficial interest in a self-settled trust is excluded from his bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) as a spendthrift trust under Minnesota law.

## BACKGROUND

The facts are not in dispute. On November 14, 1991, Debtor transferred certain assets into a trust created by the John Patrick Simmonds Trust Agreement (the "Trust"). Debtor is the settlor and the primary beneficiary of the Trust. The Trust is irrevocable and contains an anti-alienation provision.

On December 18, 1998, Debtor filed a Chapter 7 bankruptcy petition. Debtor listed his beneficial interest in the Trust and noted on Schedule C that such interest was "not property of the estate." Dorraine A. Larison, the bankruptcy trustee ("Trustee"), objected to the claimed exemption. The parties stipulated to treat the Trustee's objection to Debtor's exemption as a motion for turnover of Debtor's beneficial interest in the Trust to the Trustee. By order dated April 28, 1999, the court determined that Debtor's interest in the Trust is property of the bankruptcy estate and ordered the Debtor to turn over his beneficial interest in the Trust to the Trustee. The Debtor argues that the Trust is a spendthrift trust under Minnesota law and, accordingly, his beneficial interest therein is excluded from his bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

---

[1] The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

STANDARD OF REVIEW

We review the bankruptcy court's conclusions of law and determination of state law de novo. Fed. R. Bankr. P. 8013; Salve Regina College v. Russell, 499 U.S. 225 (1991); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997); In re Rine & Rine Auctioneers, Inc., 74 F.3d 848, 851 (8th Cir. 1996).

DISCUSSION

The commencement of a bankruptcy case creates an estate which generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Excluded from the estate, however, is an interest of the debtor in a trust that is restricted from transfer under applicable nonbankruptcy law. 11 U.S.C. § 541(c)(2); Patterson v Shumate, 504 U.S. 753 (1992); Drewes v. Schonteich, 31 F.3d 674, 676 (8th Cir. 1994). The Trust was created under Minnesota law. Therefore, we must look to Minnesota law to determine whether the Debtor's interest in the Trust is restricted from transfer so as to be excluded from the bankruptcy estate.

The Minnesota Supreme Court has recognized the validity of spendthrift trusts.

> The validity of a spendthrift trust is upheld on the theory that the owner of the property, in the free exercise of his will in disposing of it, may secure such benefits to the objects of his bounty as he sees fit and may, if he so desires, limit its benefits to persons of his choice, who part with nothing in return, to the exclusion of creditors and others.

In re Moulton's Estate, 46 N.W.2d 667, 670 (Minn. 1951), quoted in Morrison v. Doyle, 582 N.W.2d 237, 240 (Minn. 1998).

Minnesota courts have not specifically addressed the issue of whether a trust qualifies as a spendthrift trust where the settlor is also the beneficiary. Federal courts faced with the issue, however, have consistently concluded that Minnesota courts would not recognize a

3

spendthrift trust in such a situation. Drewes v. Schonteich, 31 F.3d 674, 677 (8th Cir. 1994); In re Swanson, 873 F.2d 1121, 1123-24 (8th Cir. 1988). The Eighth Circuit Court of Appeals interpreted the Minnesota Supreme Court's language in Moulton as contemplating an arrangement wherein the settlor of a spendthrift trust is not also the beneficiary. Drewes v. Schonteich, 31 F.3d at 677; In re Swanson, 873 F.2d at 1123.

Bankruptcy courts have utilized a three-prong test based on the Minnesota Supreme Court's language in Moulton to determine whether a trust qualifies as a spendthrift trust under Minnesota law. A spendthrift trust is one in which: (1) the trust implicitly or explicitly prohibits the voluntary and involuntary alienation of the beneficiary's interest; (2) the beneficiary is not also the settlor of the trust; and (3) the beneficiary has no present dominion or control over the trust corpus. In re Taylor, 119 B.R. 170, 177 (Bankr. N.D. Iowa 1990); In re Fritsvold, 115 B.R. 192, 195 (Bankr. D. Minn. 1990); In re Hansen, 84 B.R. 598, 601 (Bankr. D. Minn. 1987); In re Loe, 83 B.R. 641, 645 (Bankr. D. Minn. 1988).

We believe that Minnesota courts would not recognize a trust as a spendthrift trust where the settlor is also the beneficiary. Consequently, we hold that the Trust is not a spendthrift trust under Minnesota law. Accordingly, the Debtor's beneficial interest in the Trust is not excluded from his bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) but rather is part of his bankruptcy estate pursuant to 11 U.S.C. § 541(a) and must be turned over to the Trustee pursuant to 11 U.S.C. § 542.

CONCLUSION

Based on the foregoing, the bankruptcy court's order concluding that the Debtor's interest in the Trust is property of his bankruptcy estate and directing the turnover of the Debtor's beneficial interest therein to the Trustee is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT