# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No.  00-6002

_____

|  |  |  |
|---|---|---|
| In re:  William Henry Redding and Alice Patricia Redding, | * | |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| David E.  Schroeder, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Western District of Missouri |
| | * | |
| Norman E.  Rouse, | * | |
| | * | |
| Trustee-Appellee. | * | |

_____

Submitted: March 21, 2000
Filed: April 28, 2000

_____

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge.

The Chapter 7 trustee in this case, Norman Rouse, filed a motion for disgorgement of fees from the appellant, David Schroeder, an attorney who represented the debtors, William and Alice Redding.  The bankruptcy court, in its opinion and order of December 21, 1999, disallowed and ordered the disgorgement of all but $1,000.00 of

Schroeder's fees and expenses.  It is from that order that Schroeder appeals.  We reverse and remand.

## BACKGROUND

The Reddings filed a Chapter 13 petition on November 5, 1998, just hours ahead of a scheduled foreclosure sale of an apartment building they owned.  At the time of filing, Schroeder filed the required fee disclosure pursuant to Fed. R. Bank. P. 2016(b),[1] and indicated that he had received $3,000.00 from the debtors for his services representing them in their bankruptcy case but not including any fees that might arise postpetition in a contested matter.  Schroeder did not file an application seeking approval for payment of fees in excess of $1,000.00 as required by Local Rule 2016-1.[2]

---

[1]  Bankruptcy Rule 2016(b) provides:

(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.  Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity.  The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required.  A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

[2]  The bankruptcy court's Local Rule 2016-1 provides:

A.  Prepetition Retainers.  The disclosure of amount of retainer by debtor's counsel pursuant to § 329 and Bankruptcy Rule 2016(b) shall be filed with petition and served on the U.S. Trustee and any trustee.  All professionals shall deposit retainers, whether received from debtor or any other source, in a trust account, and withdraw and apply funds only after a fee application and order.

On January 22, 1999, the debtors' case was converted to a case under Chapter 11. On February 18, 1999, the debtors filed an application to approve their employment of Schroeder as their attorney in their Chapter 11 case. The Court approved Schroeder's employment on February 23, 1999.

On March 5, 1999, the debtors filed a motion to dismiss their Chapter 11 case. However, based on the parties' stipulation, the court denied the debtors' motion to dismiss and instead converted the case to Chapter 7. Rouse was appointed the Chapter 7 trustee. On April 22, 1999, the debtors agreed to have the automatic stay modified to allow Frank and Dorothy Dell to resume foreclosure on the debtors' apartment building. On May 28, 1999, the debtors made a second payment to Schroeder in the amount of $4,500.00.

The court granted the debtors a Chapter 7 discharge on July 16, 1999. However, on July 8, 1999, the Dells had filed a proof of claim in the amount of $172,674.76 for the unsecured deficiency debt that remained after the foreclosure sale satisfied the secured portion. On July 29, 1999, the debtors had a different attorney, James Fleischaker, file an objection to the Dells' claim. Fleischaker and Schroeder thereafter apparently worked together on the debtors' objection, filing a motion for the court to abstain and allow the debtors to pursue their objection in state court. On August 4, 1999, Schroeder received another payment from the debtors in the amount of $761.40. The court denied the motion to abstain on August 31, 1999.

---

B. When Application Unnecessary. If counsel's total fee in a case is $1,000 or less, the disclosure of fee in initial filings is sufficient and it is unnecessary to file any itemized application.

D. Applications Over $1,000. For applications over $1,000, in addition to service in Paragraph A, applicant shall serve on all creditors a notice ... stating: the amount of fees and expenses sought; period covered; number of previous applications filed; amounts of compensation previously sought and allowed; original retainer and balance; that parties have 20 days to object, if no objections are filed the Court may enter an order, and if objections are filed the Court may set a hearing.

Schroeder's representation of the debtors continued, however, into September when he filed a motion seeking to restrain the trustee from collecting monthly payments necessary to maintain properties remaining in the bankruptcy estate. The court denied that motion after a hearing on September 23, 1999. On October 6, 1999, the debtors made a fourth and final payment to Schroeder in the amount of $2,750.00.

On November 2, 1999, the trustee filed a motion for disgorgement of attorneys fees that had been paid to Schroeder. The trustee's motion alleged that the payments made to Schroeder were cash payments from funds wrongfully diverted out of the bankruptcy estate (and then back to the debtors) by a transfer of more than $20,000 from the debtors to their son within one year prepetition.

On November 10, 1999, Schroeder filed a response to the trustee's motion for disgorgement. He admitted $11,011.40 in payments from the debtors and admitted that he had violated Fed. R. Bank. P. 2016(b). He contended, however, that the payments made to him were not from assets of the bankruptcy estate and asserted that the fees and expenses were reasonable and not excessive. Finally, he attributed his violation of Rule 2016(b) to the fact that the debtors did not consent to disclosure because it would disclose confidential information, and because he was not requesting compensation from the estate.

The court scheduled a hearing on November 15, 1999, to hear the trustee's motion for disgorgement and the debtors' objection to the Dells' proof of claim. The objection to the Dells' proof of claim settled and instead of hearing the motion for disgorgement, the court "conferred in chambers with all counsel involved," the result of which was a stipulation that the court could consider the disgorgement motion without hearing further evidence. In his brief, Schroeder claims that the court at that meeting allowed him fifteen days to file an application for fees and costs. The record does not reveal exactly under what circumstances or terms Schroeder suggested, was prompted, or was required to file an application for approval and payment of attorney fees. In any event, Schroeder did file such an application on November 30, 1999.

4

The trustee and the Dells each filed objections to allowing payment of Schroeder's fees from the bankruptcy estate on the basis that the work performed by Schroeder was not for the benefit of the estate but was solely for the benefit of the debtors. In his objection, the trustee contended that the payments were made from assets of the estate and requested that the court disallow Schroeder's fees to the extent that the payments were made from assets of the bankruptcy estate.

According to the court in its December 21, 1999, opinion and order, there was no objection to the amount or reasonableness of the fees that Schroeder was paid, and there was no objection to payment of his fees from the debtors' personal, non-estate funds. The trustee, in fact, specifically expressed that he did not take issue with the reasonableness of the attorney fees requested by Schroeder.

## DISCUSSION

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Johnson v. Border State Bank (In re Johnson), 230 B.R. 608, 609 (B.A.P. 8th Cir. 1999); Eilbert v. Pelican (In re Eilbert), 162 F.3d 523, 525 (8th Cir. 1998).

The bankruptcy court determined this case under § 330. Section 330 provides, in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103--

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

See 11 U.S.C. § 330(a)(1).

5

Section 330 is meant to operate as the method for a professional to apply for and receive payment from the estate. In a Chapter 7 or 13 case this would be payment from the trustee. In a Chapter 11 or 12 case payment could come from the debtor in possession or a trustee. In any case, § 330 and its companion, § 331, contemplate a process whereby work is performed, an application is filed, fees and expenses are allowed by the court, and payment is made.

That clearly is not what happened in this case. The court indicated that it based its determination that property of the estate was involved by indicating that the pre-petition transfer by the debtors to their son was either a fraudulent transfer or a sham which never really occurred. If the transfer to the debtor son was a fraudulent transfer, it may be avoidable by the trustee and recoverable from the son under §§ 548 and 550, but that does not make it property of the estate. Only if the trustee is successful in avoiding the transfer and recovering money from the son, would it be property of the estate. See 11 U.S.C. § 541(a)(3). Fed. R. Bank. P. 7001(1) requires the trustee to file an adversary proceeding and recover a preference and/or fraudulent transfer.

If the transfer to the son never really occurred, then arguably the money was property of the estate all along. However, any finding to that effect is not supported by the record and is clearly erroneous. In addition, if Schroeder did receive estate property in payment of his attorney fees, such payments would be avoidable and recoverable from Schroeder as unauthorized post-petition transfers under §§ 549 and 550. Fed. R. Bank. P. 7001(1) requires the trustee to file an adversary proceeding to avoid and recover an unauthorized post-petition transfer.

While Local Rule 2016-1 requires an attorney for a debtor to file a fee application when the fees exceed $1,000, it is not a true application in the sense contemplated by § 330. It was therefore error for the bankruptcy court to apply § 330 and the cases interpreting it in determining Schroeder's fees.

Section 329, however, allows the court to examine the fees paid or payable to a debtor's attorney no matter what the source. While nothing in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure requires a fee application in this situation,

Local Rule 2016-1 provides an appropriate means for the court to exercise its responsibilities under § 329.

Section 329 provides, in relevant part:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to --

(1) the estate, if the property transferred –

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12 or 13 of this title; or

(2) the entity that made such payment.

See 11 U.S.C. § 329.

In Davis v. Hibbits, (In re Sullivan's Jewelry, Inc.), 226 B.R. 624, 626 (B.A.P. 8th Cir. 1998), we held that, "Section 329 governs all attorneys who, within one year preceding the filing of a bankruptcy petition, provide legal services in contemplation of or in connection with the bankruptcy case." By its terms § 329 also applies to post-petition services.

The test under § 329 measures *reasonable value of the services* provided by the attorney. To the extent that the fees due or paid are not reasonable in light of the services provided, the court may cancel the fee agreement or order disgorgement. The court, having determined fees to be unreasonable, may order the fees returned to the estate if the

7

source of the paid fees *would have been* property of the estate and only *to the extent that the fees are excessive*.

In In re Brandenburger, 145 B.R. 624 (Bankr. D.S.D. 1992),[3] the bankruptcy court distinguished §§ 329 and 330 and the applicable test for each section, and provided that § 330 applies when the debtor's attorney seeks compensation from the bankruptcy estate and that such a "fee application is not a substitute for [the] disclosure" requirements of § 329. Id. at 627-28. The court concluded that expenses incurred by debtor's counsel "that do not benefit the estate will be subject only to disclosure under § 329(b) and Rules 2016(b) and 2017." Id. at 631. The Eighth Circuit has also identified the reasonableness test applicable under § 329 and distinguished attorney compensation from the estate as arising by the attorney's application under § 330. See Snyder v. Dewoskin (In re Mahendra), 131 F.3d 750, 756-57 (8ᵗʰ Cir. 1997).

We agree that there is a substantive difference between §§ 329 and 330, and hold that § 329 is about disclosure and reasonableness of attorney fees, and governs the fee arrangements between a debtor and the attorney representing the debtor. In contrast, § 330 addresses the estate's liability or obligation to compensate, from estate assets, attorneys or other persons or entities for services provided that benefit the estate.

"Because § 329 is aimed solely at preventing overreaching by a debtor's attorney ... a court's consideration of whether to order disgorgement of fees under § 329(b) is limited to the comparison of the amount of compensation received by the attorney with the reasonable value of the services performed." See In re Benjamin's-Arnolds, Inc., 1997 WL 86463 (Bankr. D. Minn. 1997).

---

[3] The Brandenburger decision was subsequently criticized, but only on the subject of defining whether services benefitted the estate, not on the question of whether § 329 or § 330 applies. See In re Gage, 151 B.R. 522, 527 (Bankr. D.S.D.), rev'd, 164 B.R. 756, 758 (D.S.D. 1993).

The plain language of § 329 provides that there must first be a determination that the fees are excessive. Only after that determination, and only to the extent excessive, would there be a disgorgement.

The bankruptcy court did not consider the reasonableness of Schroeder's fees. While neither the trustee nor the Dells objected to the reasonableness of Schroeder's fees, the bankruptcy court still may make an independent determination of reasonableness. We will remand to give the bankruptcy court that opportunity.

The bankruptcy court also relied on Schroeder's admitted violations of Local Rule 2016-1 and Bankruptcy Rule 2016(b) as another basis upon which to order disgorgement. However, this reliance was rather summary and was only an additional ground for disallowance after the court's § 330 analysis. The bankruptcy court may, on remand, also consider an appropriate sanction for Schroeder's violation of Fed. R. Bank. P. 2016 (b) and Local Rule 2016-1.

## CONCLUSION

The decision of the bankruptcy court is reversed and remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.

9