# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

Nos. 00-6089/6104 NI

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| John C. Wagner and | * | |
| Debra K Wagner, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Chelsea State Bank, | * | Appeals from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | Northern District of Iowa |
| | * | |
| v. | * | |
| | * | |
| John C. Wagner and | * | |
| Debra K. Wagner, | * | |
| | * | |
| Appellees. | * | |

Submitted: January 23, 2001
Filed: March 13, 2001  (Corrected March 30, 2001)

Before KRESSEL, SCHERMER and SCOTT, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Chelsea Savings Bank, (the "Bank") appeals the bankruptcy court[1] orders finding that two mortgages held by the Bank were unenforceable for failure to comply with Iowa law and that John C. Wagner's and Debra K. Wagner's (the "Debtors") Fourth Amended Chapter 13 Plan with Technical

---

[1]The Honorable Paul J. Kilburg, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

Amendments (the "Plan") was feasible pursuant to 11 U.S.C. § 1325(a)(6). We have jurisdiction over this appeal from the final orders of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issues on appeal are whether the Bank's mortgages are enforceable against the Debtors' homestead when the Bank failed to insert in the mortgages a homestead waiver as required pursuant to Iowa Code § 561.22 and whether the bankruptcy court erred by finding that the Debtors' Plan was feasible pursuant to 11 U.S.C. § 1325 (a)(6), because the Plan proposed a balloon payment. We conclude that the Bank's mortgages are unenforceable as a matter of law because the Bank did not comply with Iowa Code § 561.22. The bankruptcy court's finding that the Plan met the requirements of section 1325(a)(6) was not clearly erroneous because it was supported by evidence that John Wagner's father would help the Debtors with the balloon payment.

## BACKGROUND

Iowa Code § 561.22

John C. Wagner and Debra K. Wagner live on less than six acres of land outside of Chelsea, Iowa (the "Land"). The Debtors bought one acre of the Land approximately twelve years ago and the rest six or seven years later.

When the Debtors bought the Land, they borrowed $60,000 from the Bank and gave the Bank a mortgage secured in part by one acre of the Land. The Debtors then refinanced with Farmer's Savings Bank of Garwin, Iowa ("Garwin Bank"). The first mortgage was paid in full.

The Debtors defaulted on the Garwin Bank loan. Within a year after the default, the Bank gave the Debtors an $82,000 loan that was secured in part by a mortgage on the Debtors' Land ("Mortgage Two"). The Debtors used part of the proceeds of Mortgage Two to refinance the debt owed to Garwin Bank. The Debtors represented that they were currently farming on the Land and would raise livestock on the Land.

-2-

The Bank then made a $38,000 loan secured in part by a second mortgage on the Debtors' Land ("Mortgage Three") one year after taking Mortgage Two. At the time the Bank took Mortgage Three, the Debtors did not have any livestock on the Land but the Debtors represented to the Bank that they would buy a number of cows.

The Bank gave the Debtors an additional loan (the "Loan") that was secured by a lien on some of the Debtors' machinery and equipment (the "Machinery and Equipment"). The Debtors then sold the Machinery and Equipment from the Land in a farm sale auction (the "Auction"). They used the Loan proceeds to pay back part of Mortgage Three and, through a third-party, to repurchase the Machinery and Equipment.

It is undisputed that Mortgages Two and Three and their accompanying promissory notes did not contain the font and language required by Iowa Code § 561.22. The Debtors admitted that they were aware that Mortgages Two and Three were secured by their homestead property at the time that the Debtors signed Mortgages Two and Three.

Ten years after purchasing the first acre of the Land, the Debtors filed for chapter 13 bankruptcy relief. At filing, The Debtors still owed the Bank funds secured by Mortgages Two and Three. The Debtors claimed that Mortgages Two and Three were unenforceable because they lacked the type of homestead waiver required by Iowa Code § 561.22 and filed an adversary complaint to determine the enforceability of Mortgages Two and Three against the Land. In response, the Bank asserted that Mortgages Two and Three were enforceable because Iowa Code § 561.22 had been satisfied or did not apply.

The bankruptcy court entered an order holding that Mortgages Two and Three were unenforceable against the Debtors' homestead because they did not comply with the Iowa Code § 561.22 requirements. Two months after entering its order, the bankruptcy court amended its order in part, but reaffirmed its conclusion that Mortgages Two and Three were unenforceable against the Debtors' exempt homestead.

11 U.S.C. § 1325(a)(6)

In addition to Mortgages Two and Three, the Bank has a claim of $24,500 secured by the Debtors' cattle. In the Plan, the Debtors propose to amortize the debt on the cattle at 8.5% over seven

years, with a balloon payment at the end of the Plan's three-year term.[2] The bankruptcy court estimated that the amount due for the balloon payment will be $20,000. Under the Plan, the Bank will retain its lien on the cattle until its allowed secured claim is paid in full.

At trial, John Wagner testified that his father (the "Father") would assist the Debtors in making the balloon payment. The Debtors did not contractually bind the Father to assist in the balloon payments. No evidence was presented to support or refute John Wagner's claim that the Father would assist with the financing of the Plan.

The Bank argued that the arrangement was inadequate to protect its security interest because the value of the collateral would depreciate faster than the Debtors would pay off the loan. The bankruptcy court found that the Bank's security interest was protected and that the Debtors had met their burden of proving that they would be able to make all payments under the Plan and to comply with the Plan.

## STANDARD OF REVIEW

This Court reviews de novo the bankruptcy court's legal conclusions, and reviews for clear error its findings of fact. Fed. R. Bankr. P. 8013. Schroeder v. Rouse (In re Redding), 247 B.R. 474, 477 (B.A.P. 8th Cir. 2000); Martin v. Cox (In re Martin), 140 F.3d 806, 807 (8th Cir. 1998); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997). Whether a homestead waiver is enforceable although it was not written in compliance with Iowa law is a legal question. A federal court is bound by decisions of the highest state court when deciding a question of substantive law. Bass v. General Motors Corp., 150 F.3d 842, 847 (8th Cir. 1998). The Bankruptcy Appellate Panel reviews the bankruptcy court's determinations of state law de novo. In re Simmonds, 240 B.R. 897 ( B.A.P. 8th Cir. 1999). A finding that a chapter 13 plan is feasible pursuant to section 1325(a)(6) is reviewed for clear error.

---

[2]The Debtors filed four Chapter 13 plans before they filed a motion to avoid the Bank's liens. The Bank objected to the Debtors' plans. The Debtors filed an additional plan on the same date that they objected to the liens. The Bank objected. The bankruptcy court then confirmed the Plan over the Bank's objection.

DISCUSSION

Iowa Code § 561.22

The Bank contends that the bankruptcy court improperly held that Mortgages Two and Three were unenforceable against the Debtors' exempt homestead. Iowa Code § 561.22 sets forth specific requirements for an enforceable homestead waiver on agricultural land. The statute states:

If a homestead exemption waiver is contained in a written contract affecting agricultural land as defined in section 9H.1, or dwellings, buildings, or other appurtenances located on the land, the contract must contain a statement in substantially the following form, in boldface type of a minimum size of ten points, and be signed and dated by the person waiving the exemption at the time of the execution of the contract: **"I understand that homestead property is in many cases protected from claims of creditors and exempt from judicial sale; and that by signing this contract, I voluntarily give up my right to this protection for this property with respect to the claims based upon this contract."**

Iowa law encourages a broad interpretation of the homestead exemption favoring debtors. Gustafson v. Fogleman, 551 N.W.2d 312, 314 (Iowa 1996). Courts must respect the express language of an exemption statute. In re Hahn, 5 B.R. 242, 244 (Bankr. S.D. Iowa 1980). The purpose of enacting section 561.22 was to ensure that the homestead exemption rights are clearly presented to debtors. See In re Morris, No. L88-00597C, slip op. at 4 (Bankr. N.D. Iowa Jan. 19, 1989).

We agree with the Debtors' interpretations of the cases regarding Iowa Code § 561.22. Iowa Code § 561.22 should be interpreted to mean that a written contract providing for a waiver of homestead rights in agricultural land should only be effective if the contract contains a written homestead waiver in compliance with that statute. Iowa courts recognize the importance of strict compliance with section 561.22. See Morris, No. L88-00597C, slip op. at 4 (noting that Iowa Code § 561.22 requires that a clause explaining that the debtor waives his homestead rights must be written simply and concisely); Peoples Bank & Trust Co. v. Lala, 392 N.W.2d 179, 190-91, n.2 (Iowa App. 1986) (stating that Iowa Code § 561.22 "codifies the concern that we have that mortgages must make mortgagors fully aware of the legal effects of a note and mortgage on an ordinarily exempt homestead.").

Moreover, when interpreting a similar statute, the North Dakota Supreme Court held that there must be strict compliance with a homestead waiver statute. See Red River State Bank v. Reierson, 533 N.W.2d 683, 686 (N.D. 1995).[3] Both North Dakota and Iowa law require identical text to appear in a homestead waiver for agricultural land. N.D.C.C. § 47-18-05.1(1); Iowa Code § 561.22. The North Dakota homestead exemption statute requires the text to be "conspicuous." N.D.C.C. § 47-18-05.1(1). Iowa Code § 561.22 states that a homestead waiver must be written "in boldface type of a minimum size of ten points." Although in Red River, the statutory language was not written conspicuously, in this case, the language required by Iowa Code § 561.22 did not appear at all.

The Bank also argued that its waiver should be effective because the Debtors mortgaged their homestead knowingly and voluntarily. When the same argument was raised by the bank in Red River, the North Dakota Supreme Court responded by stating "[t]hat borrowers know they are mortgaging their homestead is not the same as knowing they are waiving homestead exemption rights by doing so." Red River, 533 N.W.2d at 687.

According to the Bank, the bankruptcy court erred in finding that the Land qualified as agricultural land at the time the Bank took Mortgages Two and Three. Iowa Code § 561.22 gives extra protection to farmers and agricultural land. As mentioned in the statute, for a debtor to qualify for protection under Iowa Code § 561.22, the homestead waiver must be contained in a "written contract affecting agricultural land." Iowa Code § 561.22 specifically refers to Iowa Code § 9H.1 for a definition of agricultural land. Iowa Code § 9H.1(2) states that "[a]gricultural land' means land suitable for farming." Pursuant to Iowa Code § 9H.1(11), "farming" is defined in part as "the cultivation of land for production of agricultural crops, . . . grazing or the production of livestock."

The bankruptcy court's finding that the Debtors' land qualified as "agricultural land" was supported by the evidence because the land was clearly suitable for farming. It is undisputed that the Debtors had used the land for agricultural production at some point during the time that they owned it. The Bank admitted that it was aware that the Land had been used for livestock production and that the Land was set

---

[3]The Red River court analogized the homestead exemption waiver to Miranda rights. Red River, 533 N.W.2d at 688, citing, MINUTES OF THE SENATE JUDICIARY COMMITTEE ON SENATE BILL 2450, February 10, 1987, at 1 and 2, Fiftieth Legislative Assembly of North Dakota.

up to raise livestock. In addition, the Bank stated that the approval of the application for Mortgage Two was based on generating revenue from livestock production in the future.

Next, the Bank contends that a homestead exemption waiver is not required to be part of a mortgage under Iowa Code § 561.22 because a mortgage is not a contract. We agree with the bankruptcy court's determinations that the United States Supreme Court and the Iowa Supreme Court treat mortgages as contracts, Iowa Code § 561.22 applies to mortgages, and that Mortgages Two and Three were treated as contracts, as well as the statement that because the security agreements incorporated into Mortgages Two and Three were contracts, Mortgages Two and Three should be treated as contracts. Those conclusions support our holding that Mortgage Two and Three were contracts.

The sale of a homestead is allowed under Iowa Code § 561.21 if the sale is conducted to satisfy debts which are created by written contracts when the contracts stipulate that the homestead should be liable. The Bank claims that notwithstanding the fact that the Bank did not comply with Iowa Code § 561.22, Mortgages Two and Three should be enforceable because they are enforceable under Iowa Code § 561.21(2) and Mortgage Three should be enforceable because it is in compliance with Iowa Code § 561.21(1). Iowa Code § 561.21 states:

> The homestead may be sold to satisfy debts of each of the following classes:
> (1)     Those contracted prior to acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.
> (2)     Those created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.

A determination by this Court that Mortgages Two and Three were made in compliance with Iowa Code § 561.21 would not help the Bank. Where a homestead qualifies as agricultural land, homestead waivers must comply with both Iowa Code §§ 561.21 and 561.22. See Morris, No. L88-00597C, slip op. at 4 (stating that although Iowa Code § 561.22 does not give debtors rights additional to those granted under Iowa Code § 561.21(2), Iowa Code § 561.22 imposes an additional requirement on lenders requiring that a waiver of homestead rights for agricultural land be written conspicuously and concisely).

The balance of the Bank's arguments lack merit.

<u>11 U.S.C. § 1325(a)(6)</u>

According to the Bank, the bankruptcy court erred by confirming the Debtors' Plan because the three-year balloon payment in the cattle note renders the Plan unfeasible under 11 U.S.C. § 1325(a)(6). A Chapter 13 plan must meet the requirements of section 1325(a) to be confirmed. 11 U.S.C. § 1329(b)(1). Plan compliance is discussed in section 1325(a)(6). That section states that "the court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 13325(a)(6).

A plan is not unfeasible per se because a debtor proposes a lump sum payment. <u>In re Fantasia</u>, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997). Unless the debtor shows proof that he will be able to pay the balloon payment at the time it comes due, confirmation of a plan with a balloon payment is suspect. <u>Id</u>. A definite declaration as to the source and the amount of funds necessary to enable the debtor to make the plan payments is required. <u>Id</u>.

Debtors have the burden to prove that their plans are feasible. <u>See</u> <u>In re Olp</u>, 29 B.R. 932, 936 (Bankr. E.D. Wis. 1983). A court must determine whether a chapter 13 debtor will be able to comply with all provisions of a plan, including making all plan payments. 11 U.S.C. § 1325(a)(6); <u>Collier on Bankrptcy</u>, 1325.07 at 1325-40 (15th ed. 1986).

To determine feasibility of a plan where a balloon payment on a secured debt is proposed, courts look to a number of factors. The factors include the future earning capacity and disposable income of the debtor, whether the plan provides for payment of interest to secured creditors, the debtor's perseverance and motivation to execute the plan successfully, the type of employment in which the debtor is engaged or may become engaged, whether the plan includes a cushion for unexpected expenses, the equity in the property, whether the plan provides for recurring charges against the property, and whether the plan provides for payments to the creditor which will significantly reduce the debt and enhance the prospects for refinancing at the end of the plan. <u>See</u> <u>In re Olson</u>, No. L90-00423W, slip. op. at 7 (Bankr. N.D. Iowa Oct. 14, 1994) (citations omitted); <u>In re Fantasia</u>, 211 B.R. 420, 423-24 (B.A.P. 1st Cir. 1997); <u>see also</u> <u>In re St. Cloud</u>, 209 B.R. 801, 810 (Bankr. D. Mass. 1997) (applying a totality of the circumstances test to determine the feasibility of a balloon payment plan).

John Wagner testified that the Father would assist the Debtors in making the balloon payment. The Bank offered no rebuttal testimony. The bankruptcy court found John Wagner's testimony to be credible

enough to protect the Bank's security interest in the cattle and therefore held that the Debtors had met their burden under section 1325 (a)(6). Because John Wagner's testimony was the only evidence presented on the subject of the Father's ability and willingness to assist the Debtors with making the balloon payment, the court's finding was not clearly erroneous.

## CONCLUSION

The bankruptcy court's conclusion that Mortgages Two and Three were unenforceable because the homestead waivers failed to comply with Iowa Code § 561.22 was legally correct. The finding that the Debtors' Plan was feasible pursuant to 11 U.S.C. § 1325(a)(6) was not clearly erroneous. For the foregoing reasons, the judgment of the bankruptcy court is affirmed.


A true copy.


Attest:


CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT