# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

No. 12-41125

In the Matter of:  JAMES GLEN WHITLEY, doing business as Whitley Properties, doing business as Edna Housing, doing business as Whitley Ranch & Seed Company,

>                                    Debtor

------------------------------

REESE W. BAKER; BAKER & ASSOCIATES,

>                                    Appellants

v.

TRUSTEE LOWELL T. CAGE,

>                                    Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

A bankruptcy judge may regulate attorney compensation by ordering debtor's counsel to return to the estate excessive compensation. 11 U.S.C. § 329(b).[1] Separately, a bankruptcy judge has authority to discipline attorneys

---

[1] Section 329 provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the

No. 12-41125

who violate the disclosure requirements of the Bankruptcy Code and Rules. *Arens v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995). Because a bankruptcy judge's reach under the plain language of § 329(b) is limited to attorney compensation, however, we REVERSE and REMAND the bankruptcy court order before us.

## FACTS AND PROCEEDINGS

In 2008 and again in 2009, James Whitley made failed endeavors to reorganize his debts under Chapter 13 of the Bankruptcy Code. Appellants Reese Baker and Baker & Associates ("Baker") served as Whitley's counsel in both proceedings. On March 4, 2009, the bankruptcy court dismissed Whitley's 2008 petition without prejudice and on July 20, 2009, the bankruptcy court dismissed Whitley's 2009 petition with prejudice. On October 8, 2009, the bankruptcy court vacated its order dismissing Whitley's 2009 petition and converted Whitley's case to Chapter 7.

Between July 20, 2009, when the bankruptcy court dismissed Whitley's 2009 case with prejudice, and October 8, 2009, when the bankruptcy court vacated its order and converted Whitley's case to Chapter 7, Whitley and Baker engaged in the transactions giving rise to this appeal. Whitley was convicted of sexual assault of a minor and on August 27, 2009 he was sentenced to life in

---

compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--

    (1) the estate, if the property transferred--

        (A) would have been property of the estate; or

        (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

    (2) the entity that made such payment.

prison. Also on August 27, 2009, Whitley transferred two properties—the Church Street property and the Highway 111 property—to Baker's wholly owned entity BK/HSH, LLC.[2] William and Miriam Ackley held liens on the two properties, and after Whitley transferred them to Baker, the Ackleys foreclosed. The Ackleys noticed the properties for foreclosure sales on September 1, 2009. Baker attended and won both foreclosure sales, bidding $60,040 for the Highway 111 property and $38,735 for the Church Street property. Baker never disclosed these transactions to the bankruptcy court.[3]

On June 4, 2010, Appellee-Trustee Lowell T. Cage ("Trustee") filed an adversary proceeding against Baker claiming that Whitley's various transfers to Baker, including Whitley's transfer of the two properties, were voidable under 11 U.S.C. §§ 548, 549, and 550. The Trustee's complaint alleges that "[a]lthough the case had been dismissed at [the time of the transfers]," the transfers were without court authority, were for less than reasonably equivalent value, and were executed in breach of Baker's fiduciary relationship with Whitley.

The bankruptcy judge, Judge Steen, denied the Trustee's motion for summary judgment on these claims, reasoning that "although some very limited issues might be appropriate for summary judgment, the best procedure is to decide, first, under Bankruptcy Code § 329 whether Baker must disgorge compensation. There are material issues of fact with respect to that question.

---

[2] Baker stipulates that BK/HSH, LLC is his alter ego. Accordingly, we also refer to Baker's wholly owned entity as "Baker."

[3] In the 2008 proceeding, Baker received a $1,800 retainer fee and requested an additional $16,474.62. The Chapter 13 Trustee objected to Baker's fee application as "unreasonable for the work performed" and Baker withdrew his application in open court. In the 2009 proceeding, Baker filed another fee application disclosing that Whitley had paid him $12,074 and requested an additional $9,859.75. The Chapter 13 Trustee and multiple creditors objected to Baker's fee application and Baker withdrew his fee application. On October 8, 2009, in the same order reopening Whitley's 2009 petition and converting it to Chapter 7, the bankruptcy court granted Baker's motion to withdraw his fee application.

No. 12-41125

Determination of that question may make other issues moot." Specifically, the court noted that § 329 may be the most efficient way to recover the money Baker had already received as fees. If the court could recover the money under § 329 then it would not need to "address the preference issue[s]" under § 547.

As to the Trustee's action to recover the properties, the court did not refer to § 329, but noted the following remaining material issues of fact and law:

> (1) "[W]hat was the value of [Baker's] legal services and was the transfer [of the real properties] for less than reasonably equivalent value, potentially making the property (or the value in excess of liens) recoverable under Bankruptcy Code § 548 as well as § 549?"
> (2) "What was the value of the real property when it was transferred and what did Baker pay for it?"
> (3) "On the date of the transfer of the real property, did Debtor and Baker intend to transfer the property with the intent to hinder . . . creditors" as to make the transfer avoidable "(or is the value of the equity thereby transferred on that date recoverable by the Trustee)" avoidable under § 548?
> (4) "Did the transfer of the real property constitute a breach of fiduciary duty and legal ethics" and "is Baker liable for the value (if any) removed from the estate by the transfer?"

After denying summary judgment, Judge Steen transferred the case to Judge Bohm. Judge Bohm, in turn, issued a show cause order *pursuant to § 329(b)* instructing Baker to "provide evidence of the reasonable value of services rendered to the Debtor" in connection with Baker's representation of Whitley and to "show cause why any compensation previously paid should not be disgorged to the extent in excess of the reasonable value of such services pursuant to 11 U.S.C. § 329(b)." After an evidentiary hearing spanning multiple days, the bankruptcy court denied Baker all of his requested fees and also ordered Baker to return all of the "consideration" that he had received. In total, the court ordered Baker to return $12,074 *plus* the two properties to the estate.

No. 12-41125

The bankruptcy court found that Baker's services provided Whitley "no reasonable value" and also that Baker violated his duty of disclosure. Noting that it "polices the disclosure requirements of the Bankruptcy Code and Rules with its sanction powers, including the discretion to order the disgorgement of all sums received by counsel and the forfeiture of all compensation paid to counsel in a particular case," the bankruptcy court admonished Baker for failing to disclose his property transactions with Whitley. "Disgorgement of the fees already paid," the court held, "includes unwinding the transfers of the Hwy 11 [sic] Property and the Church Street Property."

Baker filed an emergency motion to alter or amend the bankruptcy court's order, arguing that the court failed to consider the $98,775 Baker himself paid to purchase the properties at the foreclosure sales as well as money Baker had spent to maintain and repair the properties after his purchase of them. The bankruptcy court denied Baker's motion, reasoning that the amount Baker paid at the foreclosure sales would not change the result because these "were payments to retain ill-gotten gains" and that Baker's payments had "no relevance to the analysis on whether the Properties were properly acquired."

Baker appealed the bankruptcy court's disgorgement order and denial of his motion to alter to the district court. After a hearing, the district court affirmed the bankruptcy court. The district court rejected Baker's attempts to justify his nondisclosures. The district court also held that the foreclosure sales did not "insulate the properties from disgorgement." That Baker would forfeit his foreclosure purchases of $98,775 to the estate, the district court explained, was "irrelevant" and "the price Baker must pay for concealing his

5

No. 12-41125

compensation and relevant business dealings from the bankruptcy court and for failing to provide valuable services to his client."[4] This appeal followed.

## STANDARDS OF REVIEW

"This court reviews the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court." *Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d 455, 461 (5th Cir. 2012). This court reviews a bankruptcy court's findings of fact under the clearly erroneous standard and decides conclusions of law de novo. *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005). "A bankruptcy court's decision to disgorge fees or impose a sanction is reviewed for abuse of discretion." *In re Am. Int'l Refinery*, 676 F.3d at 461.

## ANALYSIS

Baker does not appeal the portion of the bankruptcy court's order obliging him to return $12,074 he received as fees, nor does he dispute the bankruptcy court's finding that his services were not worth any reasonable value, which finding earlier had the effect of disallowing Baker's two fee requests. Instead, Baker appeals only the bankruptcy court's order obliging him to return the two properties outright.

### A.

The bankruptcy court rested its order obliging Baker to return the properties on two grounds. It first held that Baker violated his duty of

---

[4] Subsequent to the bankruptcy court's order obliging Baker to return the properties, the bankruptcy court granted the Trustee authority to sell the Church Street property for $32,400. The Trustee also requested court authority to sell the Highway 111 property and appraised its value as $33,000. The Trustee also requested an additional $5,000 to settle disputes between the buyers and the estate. The court, however, did not approve the Trustee's proposed resolution of a dispute with the tenant residing on the Highway 111 property.

No. 12-41125

disclosure. Specifically, the court ordered Baker to disgorge compensation he received in the 2008 case because he failed to make a timely disclosure under § 329(a) and Rule 2016. Also, the court found that Baker failed to make a timely Rule 2016 disclosure in the 2009 proceeding and ordered him to disgorge all compensation in connection with the 2009 case. Further, with regard to Baker's property transactions with Whitley, the court faulted Baker for failing to disclose his connections with the debtor. Noting that it "must protect the integrity of the bankruptcy system by ensuring that these disclosure requirements are satisfied," and that it "polices the disclosure requirements of the Bankruptcy Code and Rules with its sanction powers," the court held that the "forfeiture of all fees paid to Baker is both proper and necessary to protect the integrity of the bankruptcy system." "Disgorgement of the fees already paid," the court held, includes "unwinding" the transfers of the two properties.

Second, the bankruptcy court held that even assuming that Baker complied with his disclosure requirements, "his fees were nevertheless unreasonable—which provides still another basis for disgorging all monies paid to him and denying all fees that he requests." After determining that "Baker's services did not provide a benefit" to Whitley, the court held "the fees should be denied and any compensation already paid should be disgorged."

## B.

"Without doubt, the Bankruptcy Code seeks to protect both debtors and their estates from excessive or unnecessary legal fees." *Barron*, 432 F.3d at 595. "While these provisions are potent, they are not limitless," *id.*, and the plain language of § 329(b) tethers the bankruptcy court's reach to attorney compensation. Section 329(b) provides that if "*such compensation* exceeds the reasonable value of any such services, the court may cancel any *such agreement*, or order the return of any *such payment*, to the extent excessive, to

7

. . . the estate, if the property transferred . . . would have been property of the estate." *Id.* (emphasis added). Under § 329(b), then, it is the value Baker received as compensation that concerns the bankruptcy court. *See Pope v. Knostman (In re Lee)*, 884 F.2d 897, 889 (5th Cir. 1989) ("The bankruptcy court is empowered . . . to order the return of any unreasonable or excessive portion of an attorney's fee . . . ."); *see also Brown v. Luker (In re Zepecki)*, 258 B.R. 719, 725 (B.A.P. 8th Cir. 2001) ("A disgorgement is allowed only to the extent that the fees are excessive.").

Because the record gives no details about any express agreement between Whitley and Baker and because Baker was paid, in part, in real property encumbered by liens that he later purchased at a foreclosure sale, the value of his compensation for services rendered in these bankruptcy cases, on the existing record, cannot be ascertained.[5] The parties have not cited any authority applying § 329(b) to recover real property paid as compensation, but *Wootton v. Ravkind (In re Dixon)*, 143 B.R. 671 (Bankr. N.D. Tex. 1992), provides a comprehensive and helpful framework. In *Dixon*, the debtor paid his attorney $200,000 in cash and $100,000 worth of artwork without court approval and without making the proper disclosures. *Id.* at 674–75. The bankruptcy court ordered all but $35,000 of the fee returned to the estate. *Id.* at 680. The attorney had sold some of the artwork, but the court found that the present value of the remaining art was $10,000 and it ordered that the attorney additionally return "$90,000 representing the value of the art disposed of." *Id.* at 674, 679. The court also noted that the attorney "is to advise whether he wishes to offer more definitive testimony with respect to the credit for the value of the art ordered turned over." *Id.* at 680.

---

[5] At best, we have testimony from Whitley suggesting that Baker's account for services was credited $20,000 after the transfer of the properties. The bankruptcy court, however, did not make any findings as to the value of the properties.

No. 12-41125

Unlike the bankruptcy court in *Dixon*—which used the $100,000 value of the artwork paid as compensation as a basis for the funds and property it ordered returned under § 329(b)—the bankruptcy court here did not value the property at the time Whitley transferred it to Baker, nor did it value the property at the time it ordered Baker to return it to the estate.[6] Accordingly, the § 329(b) remedy the bankruptcy court imposed was not indexed to the compensation Whitley actually paid to Baker. *See generally Palmer & Palmer, P.C. v. U.S. Trustee (In re Hargis)*, 895 F.2d 1025, 1026 (5th Cir. 1990); *see also Schroeder v. Rouse (In re Redding)*, 247 B.R. 474, 478 (B.A.P. 8th Cir. 2000) ("Because § 329 is aimed solely at preventing overreaching by a debtor's attorney . . . a court's consideration of whether to order disgorgement of fees under § 329(b) is limited to the comparison of the amount of compensation received by the attorney with the reasonable value of the services performed.").

In fact, the remedy imposed went beyond what Whitley paid to Baker as compensation because Baker did not use estate funds to buy the properties at the foreclosure sales. It is undisputed that Baker paid the $98,775 foreclosure purchase from his account. As the district court recognized, "the foreclosure sale purchase and property maintenance costs were losses *for Baker*" (emphasis added), not the estate. Had the Ackleys kept the properties or sold them to a third party at the foreclosure sales, the bankruptcy court could not have obliged Baker to pay $98,775 to the estate under § 329(b). In that circumstance, the bankruptcy court's § 329(b) remedy against Baker would have been limited to the value of the properties that Baker received at the time Whitley transferred them as compensation. *See In re Redding*, 247 B.R. at 478–

---

[6] We observe that this step did not occur, in part, because this case was transferred between bankruptcy judges. Judge Steen had highlighted that "material issues of fact" existed relevant to § 329 disgorgement, and also highlighted various valuation determinations needed to be made.

79 ("The plain language of § 329 provides that there must first be a determination that the fees are excessive. Only after that determination, and only to the extent excessive, would there be a disgorgement."). There is no reason to treat Baker differently in this case, as the $98,775 value he was obliged to return to the estate was not paid to him as compensation.

Accordingly, the bankruptcy court improperly relied on § 329(b) in ordering Baker to return the two properties outright.

## C.

Section 329(a) requires a debtor's attorney to disclose "a statement of the compensation paid or agreed to be paid," and we have said that the bankruptcy court's "broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure." *In re Prudhomme*, 43 F.3d at 1003; *see also Anderson v. Anderson (In re Anderson)*, 936 F.2d 199, 204 (5th Cir. 1991) ("[T]he bankruptcy court is one of equity and thus has broad equitable—and hence discretionary—powers to award attorney's fees."). We have been clear that "[t]he bankruptcy court has inherent power to guard the practice of attorneys who appear in that court." *Suffness v. Petros (In re Avante Real Estate, Inc.)*, No. 95-10442, 1995 WL 625456, *8 (5th Cir. Oct. 11, 1995) (citing 11 U.S.C. § 105). "These powers are discretionary and the bankruptcy court has broad authority to discipline attorneys and to award or disgorge fees paid in connection with bankruptcy proceedings." *Id.* While its authority is broad, when a bankruptcy court imposes a disciplinary sanction it "must use the least restrictive sanction necessary to deter the inappropriate behavior," *Harris v. First City Bancorporation of Tex., Inc. (In re First City Bancorporation of Tex., Inc.)*, 282 F.3d 864, 867 (5th Cir. 2002), and "[t]he sanction levied must thus be commensurate with the egregiousness of the

conduct." *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 478 (6th Cir. 1996).

In this case, the bankruptcy court ordered Baker only to "show cause why any compensation previously paid should not be disgorged to the extent in excess of the reasonable value of such services pursuant to 11 U.S.C. § 329(b)," yet the court then ordered Baker to "disgorge *all of the consideration* that [Baker] has already received from the Debtor" (emphasis added). As described above, however, the bankruptcy court's order obliging Baker to transfer the properties outright, now free of the Ackleys' liens, imposed a sanction beyond the amount of compensation Baker received. The bankruptcy court did not address Baker's $98,775 foreclosure purchase in its order, did not value the properties at the time that Whitley transferred them to Baker, and did not value the properties at the time it ordered Baker to return them to the estate. Further, when it denied Baker's motion to amend, it held that Baker's payments had "no relevance to the analysis on whether the Properties were properly acquired." Accordingly, the bankruptcy court did not assess the extent of the disciplinary sanction it imposed, nor assess that amount in connection with Baker's conduct in this case.

Both lower courts relied on *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993), for the proposition that disgorgement is not "restitution" but an equitable remedy aimed at "'wrest[ing] ill-gotten gains from the hands of the wrongdoer.'" The bankruptcy court, in denying Baker's motion to amend, relied on *Huffman*'s definition of disgorgement, and also elaborated that "if Baker and the Baker-Owned LLC paid money to keep and repair the Properties, then those payments were made to retain ill-gotten gains. The[se] facts have no relevance to the analysis on whether the Properties were properly acquired." The bankruptcy court has authority to impose disciplinary sanctions on attorneys beyond the return of compensation, but the amount of the sanction

imposed is essential to a bankruptcy court's sanction analysis because "[w]hen a court metes out a sanction, it must exercise such power with restraint and discretion." *In re Downs*, 103 F.3d at 478. Although a $98,775 sanction may have been appropriate considering Baker's conduct as adverted to in these proceedings (e.g. Baker's "ill-gotten gains" and his "nasty habit of non-disclosure"), in order to ensure that a sanction is "chosen to employ the least possible power to the end proposed," the bankruptcy court must in the first instance compare the sanction amount to the sanctioned party's conduct. *In re First City Bancorporation of Tex.*, 282 F.3d at 867 (internal quotation marks omitted).

## CONCLUSION

The bankruptcy court ordered Baker to return all consideration he received, but in so doing it imposed an additional sanction beyond return of compensation. Because such an order cannot rest on § 329(b), and because the bankruptcy court did not develop the basis for and extent of any further sanction it imposed, we REVERSE and REMAND for further proceedings consistent with this decision.