### IN RE GRAND JURY SUBPOENA served upon R.I.K., Movant–Appellant.

#### No. 95–1336.

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1995.

Decided May 15, 1995.

this appeal, R.I.K. withdrew as counsel for Fernandez.

Barry A. Short and Benjamin A. Lipman, St. Louis, MO, for appellant.

Michael K. Fagan, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

R.I.K., an attorney, appeals a district court[1] order holding him in contempt for refusing to comply with a grand jury subpoena. R.I.K. also appeals the district court's refusal to quash the subpoena, which requests disclosure of the identity of the individual(s) from whom he received payment on behalf of a client. We affirm.

## I.

R.I.K. was retained to represent Elio Fernandez in a criminal matter now pending in the Eastern District of Missouri, *United States v. Fernandez,* No. 94CR25 ELF. Following Fernandez's arraignment, R.I.K. was served with a grand jury subpoena, the purpose of which was to learn the identity of the individual(s) who paid Fernandez's attorney's fees. The payer(s) have also sought legal advice from R.I.K. regarding the matter in which Fernandez is charged. R.I.K. filed a motion to quash the subpoena and, after the district court denied the motion, appeared before the grand jury through counsel and offered relevant documents as redacted by the district court in camera. These documents did not reveal the identity of the fee payer(s), and R.I.K. refused to disclose that information. R.I.K. was again requested to appear before the grand jury, but he instead stipulated that he was in contempt of the district court's order requiring him to reappear before the grand jury. Before filing

## II.

R.I.K. first argues that compliance with the subpoena would violate the federal common law of attorney-client privilege. As we recently stated in *United States v. Sindel,* 53 F.3d 874 (8th Cir.1995), the rules of confidentiality ordinarily do not apply to client identity and fee information. Although even this information is protected under certain "special circumstances," *see id.,* a review of R.I.K.'s situation has convinced us that none of the exceptions applies in this case. Therefore, the federal common law of attorney-client privilege does not bar disclosure of the information requested in the grand jury subpoena.

Next, R.I.K. claims that compliance with the subpoena would violate his client's Sixth Amendment right to counsel. Prior to filing this appeal, however, R.I.K. had withdrawn as counsel for Fernandez. Even if R.I.K. had not done so, mere disclosure of the identity of the fee payer(s) would not implicate the Sixth Amendment. *See Sindel, id.* Thus there is no constitutional barrier to R.I.K.'s compliance with the subpoena.

## III.

For the foregoing reasons, we affirm the orders of the district court.

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.