**FILED**
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**June 4, 2019**

**Blaine F. Bates**
**Clerk**

PUBLISH
## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

_____

| | |
|---|---|
| In re DAVID A. STEWART & TERRY P. STEWART, | BAP Nos. WO-18-068 WO-18-079 |
| Debtors. | |
| _____ | |
| SE PROPERTY HOLDINGS, LLC, | Bankr. No. 15-12215 Chapter 7 |
| Appellant, | |
| v. | |
| DAVID A. STEWART, TERRY P. STEWART, DOUGLAS GOULD, Chapter 7 Trustee, RUSTON C. WELCH, WELCH LAW FIRM, P.C., & KIRKPATRICK BANK, | OPINION |
| Appellees. | |

_____

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma

_____

Richard M. Gaal (Samuel F. Reid, III with him on the brief) of McDowell, Knight, Roedder & Sledge, L.L.C., Mobile, Alabama (Mark B. Toffoli of The Gooding Law Firm, Oklahoma City, Oklahoma, with him on the brief) Attorneys for Appellant.

David A. Cheek of Cheek & Falcone, PLLC, Oklahoma City, Oklahoma (Ruston C. Welch of Welch Law Firm, P.C., Oklahoma City, Oklahoma, with him on the brief) Attorneys for Appellees.

_____

Before **SOMERS**, **MOSIER**, and **MARKER**,[1] Bankruptcy Judges.

_____

**MARKER**, Bankruptcy Judge.

## I.    Introduction

Attorney Ruston Welch failed to disclose the compensation he received from David and Terry Stewart (the "Debtors") and their related entities, as required by 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b).[2] Upon discovering the omission, one of the Debtors' creditors sought to have Mr. Welch's compensation disgorged. After a hearing, the bankruptcy court ordered Mr. Welch to pay a sanction of $25,000 to the Debtors' estate, rather than disgorging the almost $350,000 of total compensation. The creditor moved to alter or amend the sanction order pursuant to Rule 9023 and Federal Rule of Civil Procedure 59(e), arguing that full disgorgement of Mr. Welch's compensation was appropriate under the circumstances and that the bankruptcy court considered incorrect factors in its decision. The bankruptcy court denied the

---

[1]    Joel T. Marker, U.S. Bankruptcy Judge, United States Bankruptcy Court for the District of Utah, sitting by designation.

[2]    All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated. All future references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

motion, and the creditor filed this appeal. Because we are unable to determine that the bankruptcy court abused its discretion, we AFFIRM the decision.

## II.  Facts

The Debtors are a married couple who live in Edmond, Oklahoma but own interests in multiple businesses in Alabama. One of the Debtors' creditors, SE Property Holdings, LLC ("SEPH"),[3] commenced separate involuntary Chapter 7 petitions against each of the Debtors on September 30, 2014, in the Southern District of Alabama. The Debtors sought dismissal of the involuntary petitions, but the Alabama bankruptcy court denied the motions to dismiss and entered orders for relief on March 18, 2015. The Alabama bankruptcy court then ordered the joint administration of the cases on April 24, 2015. The Debtors sought a change of venue, and the Alabama bankruptcy court transferred the case to the Bankruptcy Court for the Western District of Oklahoma on June 12, 2015.

The Debtors retained Ruston Welch as counsel to represent them in the Western District of Oklahoma. Mr. Welch filed a notice of appearance on June 17, 2015. Part of Mr. Welch's representation included answering the adversary proceeding filed by Douglas Gould, the Chapter 7 trustee in the Debtors' case (the "Trustee"), seeking to avoid and recover alleged fraudulent transfers made by the Debtors to their children and multiple affiliated entities. The Trustee and the Debtors agreed to settle the adversary

---

[3]     SEPH asserts claims in excess of $30,000,000 by way of several promissory notes, personal guaranties, and a judgment lien. Several of the promissory notes were from limited liability companies managed by either David Stewart or Terry Stewart.

proceeding for $750,000 and sought bankruptcy court approval. SEPH objected to the settlement. At a hearing on the settlement agreement, SEPH informed the bankruptcy court that entities owned or controlled by the Debtors received a large settlement on claims against British Petroleum ("BP") stemming from the April 2010 Deepwater Horizon oil spill. The terms of the BP settlement were the subject of a confidentiality order, which caused the bankruptcy court to require additional inquiry into the Debtors' interest in the BP settlement proceeds to take place *in camera*.

At the *in camera* hearing, SEPH suggested that Debtors' counsel had neither disclosed his representation agreement with the Debtors nor any legal fees paid by the Debtors. Mr. Welch conceded that he did not file a disclosure of compensation or fee agreement pursuant to Rule 2016(b) upon appearing in the case.[4] Furthermore, Mr. Welch explained that his legal fees were paid out of proceeds of the BP settlement agreement.[5] Mr. Welch stated that he did not disclose the payments because he did not believe that the payments were made "in connection with" the Debtors' case.[6]

After the *in camera* hearing, SEPH filed a motion for an accounting of compensation on September 8, 2017.[7] Mr. Welch responded to the motion for an accounting[8] and filed a disclosure of compensation on September 14, 2017, indicating

---

[4]   *Tr. Aug. 30, 2017 Hearing* at 23-24, *in* Appellant's App. at 7621-22.
[5]   *Id.* at 20, *in* Appellant's App. at 7618.
[6]   11 U.S.C. § 329(a).
[7]   *Motion for Accounting of Compensation Paid to Debtors' Counsel Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b)*, *in* Appellant's App. at 2020.
[8]   *Response to SE Property Holdings, LLC's Motion for Accounting of Compensation Paid to Debtors' Counsel*, *in* Appellant's App. at 2043.

that out of the total $672,986.21 BP settlement funds, he was paid $348,404.41 for attorney's fees and expenses.[9] Mr. Welch received $144,591.85 as part of a contingency fee for representing the entities in the BP lawsuit and an additional $203,812.56 for representing the Debtors in their bankruptcy case. The two largest payments came from Shimmering Sands Development Company, LLC and Neverve, LLC. David Stewart owned a fifty-percent membership interest in both Shimmering Sands Development Company, LLC and Neverve, LLC. Mr. Welch's initial disclosure indicated that the Debtors still owed him approximately $54,000 as of July 31, 2017. Mr. Welch filed an amended disclosure of compensation on September 20, 2017, including a supplement explaining that compensation was earned for "[r]epresentation of numerous other defendants in adversary proceedings"[10] and further explaining the source of the payments.[11]

SEPH filed a motion for disgorgement of attorney's fees paid to Mr. Welch and to deny any requests for unpaid compensation (the "Motion for Disgorgement") on October 20, 2017.[12] In the Motion for Disgorgement, SEPH requested that the bankruptcy court

---

[9]    *Disclosure of Compensation of Attorney for Debtor*, in Appellant's App. at 2030.
[10]    *Amended Disclosure of Compensation of Attorney for Debtor*, in Appellant's App. at 2036.
[11]    *Id.* at 2, *in* Appellant's App. at 2037.
[12]    *SE Property Holdings, LLC's Motion for Disgorgement of Compensation Paid to Welch Law Firm, P.C., Denial of Unpaid Compensation, and Reimbursement of Property of the Estate Transferred to Third Parties*, in Appellant's App. at 3332. The Motion for Disgorgement was filed under seal based on a confidentiality order entered in the BP oil case. However, the bankruptcy court determined that Mr. Welch waived any confidentiality by filing the *Amended Disclosure of Compensation of Attorney for Debtor*

disgorge the $348,439.41 payment to Mr. Welch based on Welch's failure to disclose his

fee agreement and compensation pursuant to § 329 and requested that any of the Debtors'

funds held by Welch in trust for legal fees be turned over to the Trustee.

Mr. Welch responded to the Motion for Disgorgement on December 4, 2017,

arguing that the BP settlement funds were not property of the bankruptcy estate and that

the bankruptcy court lacked jurisdiction to order non-estate entities to turn over non-

estate property.[13] Further, Mr. Welch argued that $144,591.85 of the funds were earned

for services to non-debtor limited liability companies with no connection to the

bankruptcy case. Finally, Mr. Welch argued that the remaining $203,812.56 belonged to

non-debtor entities and was not subject to disgorgement.

Mr. Welch supplemented the amended disclosure of compensation on December

4, 2017, in which he provided context to his representation of the Debtors.[14] After Mr.

Welch filed these disclosures, the bankruptcy court entered its *Order on Motion for

Accounting of Counsel's Compensation*, which concluded that Mr. Welch adequately

disclosed the source of his payments and denied the request for an accounting.[15] Mr.

---

and entered an order unsealing the Motion for Disgorgement and other pleadings. *Order
Unsealing Pleadings and Directing Clerk to File Pleadings*, *in* Appellant's App. at 5449.
[13]     *Response of Ruston C. Welch and Welch Law Firm P.C., ("Welch") to SE
Property Holdings, LLC's ("SEPH") Motion for Disgorgement*, *in* Appellant's App. at
3424.
[14]     *Supplemental Statement to Amended Disclosure of Compensation of Attorney for
Debtors*, *in* Appellant's App. at 3528.
[15]     Appellant's App. at 3920.

Welch filed four more supplements amending the disclosure of compensation indicating additional funds received for representing affiliated entities.[16]

Without holding a separate hearing on the issues, the bankruptcy court entered its *Memorandum Opinion and Order for Disgorgement of Fees* (the "Disgorgement Order") on April 27, 2018.[17] In the Disgorgement Order, the bankruptcy court determined that Mr. Welch's "failure to disclose the amount and source of his fees and expenses . . . for over two years . . . constitute[d] a clear violation of § 329 and Rule 2016(b)."[18] However, the bankruptcy court determined that the violation did not warrant disgorgement of the full compensation. The bankruptcy court ordered Mr. Welch to disgorge $25,000 for the benefit of the bankruptcy estate.

SEPH filed a motion to alter or amend the Disgorgement Order pursuant to Rule 9023, challenging the bankruptcy court's findings of facts related to the consequences of ordering a full disgorgement of the attorney's fees (the "Motion to Alter or Amend").[19] The bankruptcy court denied the Motion to Alter or Amend, concluding that there was no error in considering Mr. Welch's ability to pay the sanctions or failing to compel him to

---

[16]    *Second Supplemental Statement to Amended Disclosure of Compensation of Attorney for Debtors*, *in* Appellant's App. at 3892; *Third Supplemental Statement to Amended Disclosure of Compensation of Attorney for Debtors*, *in* Appellant's App. at 4491; *Fourth Supplemental Statement to Amended Disclosure of Compensation of Attorney for Debtors*, *in* Appellant's App. at 5461; *Fifth Supplemental Statement to Amended Disclosure of Compensation of Attorney for Debtors*, *in* Appellant's App. at 5501.
[17]    *In re Stewart*, 583 B.R. 775 (Bankr. W.D. Okla. 2018).
[18]    *Id.* at 782-83.
[19]    *SE Property Holdings, LLC's Motion to Alter or Amend Order on Disgorgement, Pursuant to Bankruptcy Rule 9023*, *in* Appellant's App. at 5513.

disclose his financial situation. SEPH appealed both the Disgorgement Order and the

order denying the Motion to Alter or Amend.[20]

## III. Jurisdiction & Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed

appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth

Circuit."[21] An order on a motion for disgorgement is final for purposes of

28 U.S.C. § 158(a)(1).[22] Neither party in this case elected for these appeals to be heard by

the United States District Court pursuant to 28 U.S.C. § 158(c). Accordingly, this Court

has jurisdiction over this appeal.

A bankruptcy court's order on disgorgement and/or sanctions is reviewed for

abuse of discretion.[23] Similarly, an order denying a motion to alter or amend a prior order

---

[20]     This Court ordered the separate appeals combined for purposes of briefing and oral argument. *Order Joining Cases for Briefing and Oral Argument*, WO-18-068 BAP ECF No. 18.

[21]     *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[22]     *Behles-Giddens, P.A. v. Raft (In re K.D. Co.)*, 254 B.R. 480, 486 (10th Cir. BAP 2000) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988)) (reviewing order disgorging fees for abuse of discretion).

[23]     *Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 846 (10th Cir. BAP 1997) (citing *Interwest Bus. Equip., Inc. v. U.S. Tr. (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 315 (10th Cir. 1994)); *Fairshter v. Stinky Love, Inc. (In re Lacy)*, 306 F. App'x 413, 418 (10th Cir. 2008) (citing *Udall v. FDIC (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1415 (10th Cir. 1996)) (reviewing order imposing sanctions for abuse of discretion).

pursuant to Rule 9023 is also reviewed for abuse of discretion.[24] "Under the abuse of discretion standard: 'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[25] Abuse of discretion occurs when a trial court "makes an 'arbitrary, capricious or whimsical,' or 'manifestly unreasonable judgment.'"[26] "A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[27]

To the extent the bankruptcy court erred in determining the correct legal standard, that conclusion is reviewed *de novo*.[28] To the extent the bankruptcy court erred in making factual findings, those findings are reviewed for clear error.[29]

## IV. Analysis

### 1. Order Disgorging Fees

---

[24] *Rafter Seven Ranches LP v. C.H. Brown Co. (In re Rafter Seven Ranches LP)*, 362 B.R. 25, 28 (10th Cir. BAP 2007) (citing *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)).

[25] *Arenas v. U.S. Tr. (In re Arenas)*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

[26] *Id.* (quoting *Moothart v. Bell*, 21 F.3d at 1504-05).

[27] *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014) ("The abuse-of-discretion standard does not preclude an appellate court's correction of a [lower] court's legal or factual error . . . ." (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990))).

[28] *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012) (quoting *Sender v. Johnson (In re Hedged-Invs. Assocs., Inc.)*, 84 F.3d 1267, 1268 (10th Cir. 1996)) (concluding bankruptcy court's determination of legal standard is reviewed *de novo*).

[29] *Id.*

While § 329 requires both attorney disclosure of compensation and an evaluation of the reasonableness of that compensation, the two requirements are contained in separate paragraphs and involve legally distinct considerations. Section 329(a) imposes a duty on the attorney to disclose compensation received in connection with a bankruptcy case but does not define a penalty if the disclosure requirement is not followed. Section 329(b) states that if the compensation exceeds the reasonable value of the services, the bankruptcy court may order the return of the excessive payment. The factors used to evaluate the reasonableness of the compensation are given in § 330(a)(3), and the bankruptcy court's authority to order the return of excess payments is stated in § 329(b). As the parties have not raised any questions regarding the reasonableness of the compensation under § 329(b), this Court will consider only the duty to disclose under § 329(a) and the penalties developed in the case law for violating that duty.

In the event of a violation of § 329(a), a bankruptcy court may order disgorgement of all fees paid to the attorney.[30] A bankruptcy court may also "sanction failure to disclose."[31] Even if compensation is not determined to be excessive under § 329(b), a bankruptcy court may order disgorgement or a sanction based on a failure to disclose under § 329(a).[32]

---

[30]     *Fairshter v. Stinky Love, Inc. (In re Lacy)*, 306 F. App'x 413, 419 (10th Cir. 2008); *Turner v. Davis (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1566 (10th Cir. 1993).
[31]     *Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 849 (10th Cir. BAP 1997)) (citing *In re Maui 14K, Ltd.*, 133 B.R. 657, 660 (Bankr. D. Haw. 1991)).
[32]     *See, e.g., Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 720 (6th Cir. 2001) (The lower court found the attorney's fees to be excessive under § 329(b), but instead of ordering a return of only the excessive amounts of the fees, reduced the fees

Mr. Welch's failure to disclose compensation as required by § 329(a) and Rule 2016(b) is not in dispute. The issue for consideration is whether the bankruptcy court abused its discretion when it ordered Mr. Welch to pay a financial sanction of $25,000 into the bankruptcy estate.

Disgorgement, in this context, is the act of returning fees that were paid to the attorney. A sanction is a legal order issued by a court in order to address disobedience. Disgorgement may be required as a type of sanction. The bankruptcy court discussed the option of ordering a full disgorgement of all fees received in the case,[33] but then elected to consider several factors to determine "the degree of sanctions for non-disclosure."[34] Accordingly, this Court will characterize the bankruptcy court's Disgorgement Order as a sanction.

---

substantially, allowing only $2,287 out of $15,100 billed, because the attorney had violated § 329(a) as well.); *Schroeder v. Rouse (In re Redding)*, 263 B.R. 874, 880 (8th Cir. BAP 2001) ("It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements . . . ."); *In re Indep. Eng'g Co.*, 232 B.R. 529, 532 (1st Cir. BAP 1999) ("Courts have long recognized that failure to disclose is a sufficient basis for disqualification or disgorgement."); *Hale v. U.S. Tr. (In re Basham)*, 208 B.R. 926, 931 (9th Cir. BAP 1997) ("The disclosure requirements imposed by § 329 are mandatory, not permissive, and an attorney who fails to comply with the disclosure requirements *forfeits any right to receive compensation.*"); *Arens v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1003 (5th Cir. 1995) (explaining that a bankruptcy court is empowered "to order disgorgement as a sanction to debtors' counsel for nondisclosure").

[33] *See In re Stewart*, 583 B.R. 775, 783 (Bankr. W.D. Okla. 2018) ("The law is clear that the failure to comply with § 329 and Rule 2016(b) constitute sufficient grounds, under appropriate circumstances, for the Court to exercise its inherent power and discretion to deny all fees and costs paid to Welch and to direct disgorgement of up to all fees and costs already received.").

[34] *Id.*

## 2. Imposition of Sanctions

"We review the bankruptcy court's decision imposing sanctions for an abuse of discretion."[35] SEPH asserts that this Court should apply the *de novo* standard of review to the bankruptcy court's determination of the legal standard. SEPH correctly observes that a bankruptcy court abuses its discretion when it "commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard."[36] We acknowledge that the bankruptcy court's conclusions as to the correct legal standard applied are reviewed *de novo*.[37]

### a. Relevant Factors

When reviewing for abuse of discretion, we must consider whether the sanctions imposed by the bankruptcy court were appropriate under the applicable legal standard recognized by the Tenth Circuit. As SEPH points out in its briefing, the Tenth Circuit recognizes that "[a]n attorney who fails to comply with the requirement of § 329 forfeits any right to receive compensation for services rendered on behalf of the debtor . . . and a court may order an attorney *sua sponte* to disgorge funds already paid to the attorney."[38]

---

[35] *Fairshter v. Stinky Love, Inc. (In re Lacy)*, 306 F. App'x 413, 418 (10th Cir. 2008) (citing *Udall v. FDIC (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1415 (10th Cir. 1996)).

[36] *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015) (citing *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 764 (10th Cir. 2010)).

[37] *DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012) ("Whether the bankruptcy court applied the correct legal standard . . . is subject to *de novo* review." (quoting *Chevy Chase Bank FSB v. Kukuk (In re Kukuk)*, 225 B.R. 778, 783 (10th Cir. BAP 1998))).

[38] *In re Lacy*, 306 F. App'x at 419 (quoting *Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993)).

As this Court has previously held, an attorney's failure to adequately disclose compensation pursuant to § 329(a) and Rule 2016(b) "is sufficient, in itself, to deny all fees."[39] In order to mitigate the harshness of total disgorgement, some courts temper the amount of the sanction upon considering the circumstances of the case.[40]

SEPH argues that the bankruptcy court erred in imposing a sanction less than the total amount of the compensation paid to Mr. Welch.[41] While acknowledging that the Tenth Circuit has not adopted a multi-factor legal test to determine the appropriate sanction for failing to make § 329(a) disclosures,[42] SEPH argues courts should consider the egregiousness of an attorney's conduct. Although the bankruptcy court and SEPH cite the same precedent, *In re Brown* from the Northern District of Oklahoma, SEPH argues

---

[39] *Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 849 (10th Cir. BAP 1997) (citing *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995)); *see also In re Lacy*, 306 F. App'x at 419; *In re Brown*, 371 B.R. 486, 499 (Bankr. N.D. Okla. 2007); *In re Woodward*, 229 B.R. 468, 473-75 (Bankr. N.D. Okla. 1999).

[40] *Baker v. Cage (In re Whitley)*, 737 F.3d 980, 987 (5th Cir. 2013) ("[W]hen a bankruptcy court imposes a disciplinary sanction it 'must use the least restrictive sanction necessary to deter the inappropriate behavior.'" (quoting *Krim v. First City of Bancorporation of Tex., Inc. (In re First City Bancorporation of Tex., Inc.)*, 282 F.3d 864, 867 (5th Cir. 2002))); *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 478 (6th Cir. 1996) ("When a court metes out a sanction, it must exercise such power with restraint and discretion." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991))); *In re Sandpoint Cattle Co.*, 556 B.R. 408, 427 (Bankr. D. Neb. 2016) ("Bankruptcy courts generally have substantial discretion in fashioning sanctions; however, they must exercise that power with restraint and the sanction imposed must be commensurate with the egregiousness of the conduct." (quoting *In re Downs*, 103 F.3d at 478))).

[41] In its brief, SEPH argued that the bankruptcy court erred as "full disgorgement" is the standard. Appellant's Br. 32. At oral argument, SEPH conceded that bankruptcy courts have discretion to order either partial or full disgorgement.

[42] Appellant's Br. 32 ("The Tenth Circuit never adopted a multi-factor test for determining the amount to be disgorged.").

13

that the bankruptcy court committed error by considering factors beyond *Brown's* test, which states that "[t]he imposition of a disgorgement order should be "'commensurate with the egregiousness of the conduct" and will depend on the particular facts of each case.'"[43]

However, no precedent in this jurisdiction solely employs this single-factor approach or otherwise limits a bankruptcy court's discretion in imposing sanctions. A number of cases from within the Tenth Circuit authorize full disgorgement of compensation as a sanction.[44] To find cases authorizing partial disgorgement, the Court must look to jurisdictions outside of the Tenth Circuit, which hold that "the severity of the sanction to be imposed remains within the sound discretion of the bankruptcy court."[45]

We recognize that legal standards serve to guide a bankruptcy court's application of its discretion.[46] The Tenth Circuit generally provides that a trial court's obligation in

---

[43] *In re Brown*, 371 B.R. at 499 (quoting *In re Hackney*, 347 B.R. 432, 443 (Bankr. M.D. Fla. 2006).

[44] *In re Lacy*, 306 F. App'x at 419; *Turner v. Davis Gillenwater & Lynch (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993); *Jensen v. U.S. Tr. (In re Smitty's Truck Stop, Inc.)*, 201 B.R. 844, 849 (10th Cir. BAP 1997); *In re Wood*, 408 B.R. 841, 848 (Bankr. D. Kan. 2009).

[45] *Vergos v. Mendes & Gonzales, PLLC (In re McCrary & Dunlap Constr. Co.)*, 79 F. App'x 770, 785 (6th Cir. 2003); *see also Schroeder v. Rouse (In re Redding)*, 263 B.R. 874, 878 (8th Cir. BAP 2001) (explaining court has "broad discretion in imposing sanctions" for failure to disclose compensation); *Walton v. Whitcomb (In re Whitcomb)*, 479 B.R. 133, 144 (Bankr. M.D. Fla. 2012) ("The sanctions can include . . . partial or total disgorgement of fees paid." (quoting *In re Downs*, 103 F.3d at 477-78)).

[46] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) ("Discretion is not whim, and limiting discretion according to legal standards helps promote the basic

14

applying its discretion is to weigh all relevant factors.[47] No Tenth Circuit authority expressly provides the relevant factors a bankruptcy court should consider when imposing a sanction against an attorney for failure to meet § 329(a) and Rule 2016(b)'s disclosure requirements. As such, it was within the bankruptcy court's discretion to look outside this circuit in determining the relevant factors to consider. In the absence of precedent expressly adopting relevant factors, we see no error in weighing factors established by other bankruptcy courts under similar circumstances.[48] While it is within the bankruptcy court's discretion whether to consider the egregiousness of an attorney's nondisclosure, we are not convinced egregiousness is the only factor a bankruptcy court should consider when imposing sanctions.

The bankruptcy court applied the factors set forth in *In re Howard Ave. Station, L.L.C.*, which included among others, an attorney's experience level; willfulness or recklessness of noncompliance; the reason for noncompliance; cooperation to rectify noncompliance; promptness in curing noncompliance; whether the noncompliance was a mere technical violation; and the harm and mitigation of the harm.[49] While the bankruptcy court may have chosen from a number of cases to borrow factors from, we

---

principle of justice that like cases should be decided alike." (citing Henry J. Friendly, *Indiscretion About Discretion*, 31 Emory L.J. 747, 758 (1982))).

[47] *Thorpe v. Ret. Plan of Pillsbury Co.*, 80 F.3d 439, 445 (10th Cir. 1996) (citing *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983)).

[48] *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (explaining lower court uses correct legal standard where it expressly cites and applies case law relevant to its decision).

[49] *In re Stewart*, 583 B.R. 775, 783 (citing *In re Howard Ave. Station, L.L.C.*, 568 B.R. 146, 153-54 (Bankr. M.D. Fla. 2017)).

see no error in applying relevant factors articulated by the bankruptcy court in *In re Howard Ave. Station, L.L.C.*.

Our decision should not be read to curtail a bankruptcy court's discretion or favor one particular set of factors over another. However, even if SEPH were correct in arguing the bankruptcy court must consider an attorney's egregiousness, application of the *Howard Ave. Station, L.L.C.* factors in effect weighs whether an attorney's conduct is egregious or not.[50] In weighing these factors, the bankruptcy court observed that Mr. Welch's non-disclosures were not "an isolated event" and added to the "atmosphere of distrust between the parties."[51] Although the bankruptcy court failed to make express findings as to Mr. Welch's egregiousness, the court considered his conduct and the effect it had on the bankruptcy case as a whole—which this Court believes to be the intent behind the holding in *Brown*.[52] Accordingly, we find no abuse of discretion.

### b. Rule 9011 Factors

Although the motion before it was not a Rule 9011 motion, the bankruptcy court also considered the sanctions pursuant to Rule 9011. SEPH argues that the bankruptcy court erred in applying factors considered for violations of Rule 9011 when determining a sanction amount in this case. However, the bankruptcy court did not rely on Rule 9011 or

---

[50] *See Egregious*, Black's Law Dictionary (10th ed. 2014) (defining egregious as "extremely or remarkably bad; flagrant").

[51] *In re Stewart*, 583 B.R. at 784.

[52] 371 B.R. 486, 499 (Bankr. N.D. Okla. 2007).

applicable precedent to support its authority to impose sanctions.[53] Again because of the lack of authority directly on point, the bankruptcy court considered factors relevant to sanctioning an attorney.[54]

These factors are generally applicable to circumstances where attorneys are sanctioned, such as sanctions for filing a bad-faith petition or for improperly representing debtors in a bankruptcy proceeding.[55] The factors were relevant to the issue before the bankruptcy court and align with the Supreme Court's mandate that a court's inherent power to sanction "must be exercised with restraint and discretion."[56] Finally, the bankruptcy court considered the Rule 9011 factors in addition to other relevant factors related to the nondisclosure, and the sanction imposed did not rest solely on Rule 9011.

---

[53] *See In re Lacy*, 306 F. App'x 413, 418 (10th Cir. 2008) (explaining that the bankruptcy court has the "power to sanction conduct abusive of the judicial process" pursuant to § 105(a)).

[54] *See Priddy v. First Nat'l Bank of Arvada (In re Rossmiller)*, 148 B.R. 326, 329 (D. Colo. 1992) (applying Rule 9011 standards to auctioneer who filed application for compensation without first seeking employment pursuant to § 327).

[55] *See Udall v. Fed. Deposit Ins. Corp. (In re Nursery Land Dev., Inc.)*, 91 F.3d 1414, 1416 (10th Cir. 1996) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) when explaining sanctions for filing bad-faith petition should be the least severe to deter or punish); *Wieland v. Assaf (In re Briones-Coroy)*, 481 B.R. 685, 717 (Bankr. D. Colo. 2012) (applying factors from *White.*, 908 F.2d at 684 when sanctioning bankruptcy petition preparer for failing to disclose fees, giving legal advice, and continued misconduct before the court).

[56] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)); *see also In re Sandpoint Cattle Co.*, 556 B.R. 408, 426-27 (Bankr. D. Neb. 2016) (holding that bankruptcy courts have discretion in fashioning sanctions for failure to make § 329(a) and Rule 2016(b) disclosures but must do so with appropriate restraint).

As such, we see no error in the bankruptcy court's review of these factors, in addition to others, in determining the amount of sanction imposed against Mr. Welch.

### c. The Rule 9023 Motion to Alter or Amend

SEPH also argues the bankruptcy court erred in denying its Motion to Alter or Amend. However, because we hold the bankruptcy court did not abuse its discretion in ordering a sanction of $25,000, we also determine the bankruptcy court was within its discretion to deny the Motion to Alter or Amend under Rule 9023.[57]

## V. Conclusion

The bankruptcy court did not abuse its discretion when it considered relevant factors from other cases and courts in deciding to impose a sanction of less than the full amount of fees received by an attorney who violated the disclosure requirements of § 329(a) and Rule 2016(b). Nor did the bankruptcy court abuse its discretion under Rule 9023 when it denied SEPH's Motion to Alter or Amend. Accordingly, both the Disgorgement Order and the order denying the Motion to Alter or Amend must be affirmed.

---

[57] Applying Fed. R. Civ. P. 59 to bankruptcy proceedings. *See LTF Real Estate Co. v. Expert S. Tulsa, LLC (In re Expert S. Tulsa, LLC)*, 522 B.R. 634 , 643 (10th Cir. BAP 2014) (citing *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005)) (reviewing motion pursuant to Fed. R. Civ. P. 59(e) for abuse of discretion).